JUN 8 2026 AM 11:47
FILED - USDC - FLMD - TPA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GARY BRANCH,

　　　　　Plaintiff,

v.

INNOVIS DATA SOLUTIONS, INC.,

　　　　　Defendant.

Civil Action
File No. 8:26-cv-01654-WFJ-AEP

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, Plaintiff Gary Branch, *Pro Se* ("Plaintiff"), and files this Complaint against Defendant INNOVIS DATA SOLUTIONS, INC. ("Innovis" or "Defendant"), stating as follows:

### INTRODUCTION

1. This is an action brought by Plaintiff for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

2. Defendant failed to provide Plaintiff with a full file disclosure, as required by 15 U.S.C. § 1681g(a)(1), by:

3. Providing masked and incomplete file account numbers for a trade line appearing in Plaintiff's file.

4. Omitting the identification of each person that procured a consumer report during the one year period preceding the date on which the request was made.

1


$405
TPA 74410

5. Omitting essential data, including internal records, archived account histories, payment history details.

6. Defendant's failure to comply 15 U.S.C. § 1681g(a) deprives Plaintiff of the right to review, dispute, and correct potential inaccuracies in his file.

7. Plaintiff seeks statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for Defendant's willful and negligent noncompliance with FCRA.

## JURISDICTION AND VENUE

8. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

9. Venue is proper in that the Defendant transacts business in Wimauma, Hillsborough County, Florida and the conduct complained of occurred in Wimauma, Hillsborough County, Florida.

## PARTIES

10. Plaintiff is a consumer and a natural person, domiciled in Hillsborough, Florida.

11. Upon information and belief, Defendant INNOVIS DATA SOLUTIONS, INC., is a foreign limited liability company with its principle place of business located at 1651 NW Professional Plaza, Columbus, OH, 43220-3866.

## FACTS OF THE COMPLAINT

12. Defendant is a "consumer reporting agency" ("CRA") as defined under 15 U.S.C. § 1681a(f).

13. On or about June 07, 2026 Plaintiff requested his consumer credit disclosure pursuant to 15 U.S.C. § 1681g(a) from Innovis. **SEE PLAINTIFF'S EXHIBIT A**

14. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's, Defendant was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of the request, with the limited exception that the Social Security Number could be truncated upon request.

15. Defendant provided an electronic copy of a limited "consumer disclosure" that failed to include all information in Plaintiff's file.

16. Defendant's disclosure concealed key account details by providing a truncated and incomplete account number and masked social security number, preventing Plaintiff from verifying and properly disputing the reported accounts.

17. Specifically, the following trade lines contained an incomplete account number:

- DISCOVER CARD (2 ACCOUNTS)
- FIFTH THIRD BANK, NA., I/I

- FLORIDA CHILD SUPPORT

- FNB OF OMAHA

- FORD MOTOR CREDIT COMPANY

- GROW FINANCIAL FCU

- HYUNDAI

- JPMCB CARD SERVICES (2 ACCOUNTS)

- MB FIN SVCS

- NATIONSTAR MTG DBA MR COOPER

- NAVY FEDERAL CREDIT UNION (3 ACCOUNTS)

- NAVY FEDERAL CU - CONSUMER

- NR/SMS/CAL

- PENNSYLVANIA ST EMPLOYEES CU (2 ACCOUNTS)

- SUNCOAST CREDIT UNION

- TOYOTA FINANCIAL SRVCS RETAIL

- TRUIST BANK

18. The failure to disclose a full account number violates 15 U.S.C. § 1681g(a)(1), which mandates that CRA's provide all information recorded and retained in the consumer's file at the time of the request.

19. Despite a requirement to disclose all information in the credit file at the time of the request, Defendant's Disclosure omitted significant amounts of information contained in the credit file.

20. Upon information and belief, the data furnisher reported the full account number belonging to its respective account to Defendant, and this information was contained in the file at the time of the request.

21. Upon information and belief, when Innovis produces and sells reports regarding Plaintiff to third parties, the full account number and name of the original creditor is included in its reports.

22. Having a duty to disclose all of the information regarding the accounts in the file, Defendant breached its duty by failing to provide the full account number and, as such, information is necessary for a consumer to be able to research and evaluate the information contained in the credit file.

23. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing to whether the information in the file is accurate.

24. The FCRA requires that consumers be provided with a complete copy of their file, including internal records and archived information that may affect

5

their credit standing.

25. Defendant's Disclosure failed to include: Internal notes or archival data related previously disputed accounts, historical payment data that is otherwise reported to third parties, full inquiry history, including suppressed inquiries visible only to creditors.

26. These omission deprived Plaintiff of the ability to verify or properly dispute the accuracy of the reported information.

27. The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 *(M.D. Tenn. Jun. 12, 2019)* ("The plain language of the FCRA requires that requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finding that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

28. Court has denied Motions to Dismiss where Plaintiff sole complaint was "masked/truncated" accounts number is a plausible claim under the FCRA,

Rawls v. Trans Union, No. 1:24-cv-03948-VMC-CCB, ECF No. 18 (N.D. Ga. Aug. 05, 2025)

29. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Haven Realty Corp. v. Coleman* 455 U.S. 363 (1982), holding "alleged injury to a (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury within itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

30. The lack of accurate, full account numbers caused caused Plaintiff great frustration and emotional distress attempting to understand the contents of the file.

31. Further, pursuant to to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT B.**

32. Defendant's omission of the full account number and other omissions greatly

decrease a consumer's ability to understand the consumer credit disclosure, identify the accounts, and compare those accounts against their own records.

33. Plaintiff has a right to a full and complete disclosure of the contents of the file upon demand, at least once per year and without charge, and that disclosure must be presented clearly and accurately pursuant to 15 U.S.C. § 1681j.

34. Defendant's failure to accurately, fully and clearly disclose the information within its files deprives Plaintiff of this right.

## COUNT I – VIOLATION OF 15 U.S.C. § 1681g(a)(1)

35. Plaintiff re-alleges and reincorporates paragraphs 1-34 as fully stated herein.

36. Defendant violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for the consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a Consumer, all of the information recorded and retained in the file regardless of how the information was stored at the time of the request.  Specifically, Innovis disclosed accounts reported by DISCOVER CARD (2 ACCOUNTS), FIFTH THIRD BANK, NA., I/I, FLORIDA CHILD SUPPORT, FNB OF OMAHA, FORD MOTOR CREDIT COMPANY, GROW FINANCIAL FCU, HYUNDAI, JPMCB CARD SERVICES (2 ACCOUNTS), MB FIN SVCS, NATIONSTAR MTG

DBA MR COOPER, NAVY FEDERAL CREDIT UNION (3 ACCOUNTS), NAVY FEDERAL CU – CONSUMER, NR/SMS/CAL, PENNSYLVANIA ST EMPLOYEES CU (2 ACCOUNTS), PENNSYLVANIA ST EMPLOYEES CU (2 ACCOUNTS), SUNCOAST CREDIT UNION, TOYOTA FINANCIAL SRVCS RETAIL, and TRUIST BANK without disclosing the full account numbers, even though a full account number was reported by the data furnisher and Innovis failed to disclose the full social security number without a specific request for truncation.

37. Innovis knowingly provided incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

38. Innovis is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of actual damages or statutory damages of up to $1,000 per violation and costs.

39. Alternatively, Innovis's conduct was negligent, and Innovis is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o for actual damages and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgement against Defendant as follows:

a)      Judgment for the violations of the FCRA;

b)      Statutory damages for willful noncompliance pursuant to 15 U.S.C §
        1681n(a)(1)(A);

c)      Punitive damages pursuant to 15 U.S.C § 1681n(a)(2) for willful violations;

d)      Actual damages for negligent noncompliance pursuant to 15 U.S.C §
        1681o(a)(1);

e)      For costs pursuant to 15 U.S.C § 1681n(a)(3) and/or 15 U.S.C § 1681o(a)
        (2); and

f)      For such other and proper relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 8th day of June, two thousand twenty-six.

Gary Branch
5146 Lake Toscana Dr.
Wimauma, FL 33598
gb1977914@gmail.com
Phone: (941) 933-0301
Plaintiff, *in propria persona.*

10

# ATTACHED EXHIBIT LIST

A) Plaintiff's Innovis Consumer Disclosure, June 07, 2026; and

B) FTC Opinion Letter

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the Plaintiff or Plaintiff's Attorney in the foregoing matter with a copy of this pleading by Electronic Mail and by depositing it in the United States Mail in a properly addressed envelope with adequate postage thereon.